UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00111-SVW-JPR | Date | May 24, 2021 |
|---|---|---|---|
| Title | *Paul Schwanke v. Minim Productions, Inc.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING IN PART MOTION FOR JUDGMENT ON THE PLEADINGS [13] AND REMANDING REMAINING CLAIMS TO STATE COURT

## I. Introduction

Before the Court is a motion for judgment on the pleadings or, in the alternative, to compel arbitration filed by Defendant Minim Productions, Inc. For the reasons stated below, Defendant's motion is granted in part and Plaintiff's remaining claims are remanded to state court.

## II. Background

Between January and April 2019, Plaintiff was employed by Defendant as a Rigging Electrical Driver for the production of the television show, *Legion*. The terms and conditions of Plaintiff's employment are set out in a Collective Bargaining Agreement ("CBA"). Plaintiff's union, the Studio Transportation Drivers, Local #399 of the International Brotherhood of Teamsters, entered into the CBA with Minim covering the period beginning August 1, 2018. *See* CBA, Dkt. 1 Ex. E.[1]

---

[1] Without spelling out his argument in detail, Plaintiff mentions in his opposition that the CBA was signed on September 20, 2019, months after Plaintiff was terminated from employment. CBA, at 213. CBAs can be effective retroactively. *See, e.g., Winery, Distiller & Allied Workers Union, Local 186 v. E & J Gallo Winery, Inc.*, 857 F.2d 1353, 1357-58 (9th Cir. 1988);

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00111-SVW-JPR | Date | May 24, 2021 |
|---|---|---|---|
| Title | *Paul Schwanke v. Minim Productions, Inc.* | | |

The CBA contains a multi-step grievance and arbitration process. CBA, at 7-14. Employees first take their disputes to their immediate supervisor. *Id.* at 7. If not resolved at that stage, the employee must file a written grievance. *Id.* At that point, the grievance is discussed by several layers of representatives of the employer and the Union. *Id.* at 7-10. If still not resolved, the grievance is heard by a panel of the Contract Services Administrative Trust Fund and arbitration may commence only if no decision is timely rendered by the panel. *Id.*

Plaintiff does not plead that he exhausted the CBA's grievance and arbitration process in this case. Plaintiff also does not allege any breach of the union's duty of representation that could excuse his failure to exhaust.

Plaintiff's primary substantive allegation is that he was denied proper meal breaks during his employment because he was required to be on call. Dkt. 1, Ex. A ("Compl.") ¶ 9.

Plaintiff brings causes of action for continuing wages (Cal. Lab. Code § 201.5), failure to provide compliant wage statements (Cal. Lab. Code § 226(a)), failure to provide meal breaks (Cal. Lab. Code § 512), failure to provide rest breaks (Cal. Lab. Code § 226.7), failure to pay overtime wages (Cal. Lab. Code § 510), failure to pay minimum wages (Cal. Lab. Code § 1194), untimely wages during employment (Cal. Lab. Code § 204), failure to provide payroll records (Cal. Lab. Code § 226(b)), failure to provide personnel records (Cal. Lab. Code § 1198.5), unfair business practices (Cal. Bus. & Prof. Code § 17200), and under the Labor Code Private Attorneys General Act ("PAGA") pending expiration of the statutory period (Cal. Lab. Code § 2698). *See generally* Compl.

---

*Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1198 (C.D. Cal. 2015) (" Employers and unions ... can enter into a valid CBA that retroactively covers the bargaining period."). In any event, because the grievance and arbitration process remains unchanged from the prior CBA, Plaintiff cannot, and indeed does not, argue that the retroactive character of the CBA excuses his failure to exhaust. *See* Declaration of Seth A. Stevelman, Dkt. 15-1 ¶ 5.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-00111-SVW-JPR | Date | May 24, 2021 |
| Title | *Paul Schwanke v. Minim Productions, Inc.* | | |

III. **Legal Standard**

A motion for judgment on the pleadings under Rule 12(c) is "functionally identical" to a motion under Rule 12(b)(6). *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). "[U]nder both rules, 'a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.'" *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citation omitted). Therefore, the *Iqbal/Twombly* standard applies to motions under Rule 12(c) just as it would to Rule 12(b)(6). *Id.*

To survive a motion to dismiss under the *Iqbal/Twombly* standard, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

A court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

IV. **Discussion**

a. **Labor Management Relations Act ("LMRA") § 301 Preemption**

Section 301 of the LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties." 29 U.S.C. § 185(a). This

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00111-SVW-JPR | Date | May 24, 2021 |
|---|---|---|---|
| Title | *Paul Schwanke v. Minim Productions, Inc.* | | |

provision requires federal courts "to fashion a body of federal common law to be used to address disputes arising out of labor contracts." *Kobold v. Good Samaratin Reg'l Med. Ctr.*, 832 F.3d 1024, 1031 (9th Cir. 2016) (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985)). This federal common law "preempts the use of state contract law in CBA interpretation and enforcement." *Id.* (citation omitted).

One purpose of this doctrine is to ensure enforcement of agreements to arbitrate contained within CBAs. *Id.* (citing *Livadas v. Bradshaw*, 512 U.S. 107, 122 (1994)). A CBA's grievance and arbitration process is "an integral part of the workplace self-governance scheme." *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 918 (9th Cir. 2018) (en banc). That process allows disputes to proceed before decisionmakers familiar with "the common law of the shop" and can provide for "a more prompt and orderly settlement of CBA disputes than offered by the ordinary judicial process." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) (citations omitted).

A claim preempted by section 301 of the LMRA should be dismissed if brought by an employee who failed to exhaust the applicable CBA's grievance and arbitration process. *See*, *Kobold*, 832 F.3d at 1036-37, 1041-42 (failure to exhaust, or allege valid excuse for failure to exhaust, a claim preempted by section 301 precludes pursuing that claim in court); *Marquez v. Toll Global Forwarding (USA) Inc.*, 2018 WL 3218102, at *3 (C.D. Cal. 2018), *aff'd*, 804 F. App'x 679 (9th Cir. 2020) ("If a claim is preempted by the LMRA it can be dismissed if the claimant failed to plead exhaustion of the grievance procedures set forth in the CBA." (citation omitted)); *White v. Los Angeles Cold Store Co.*, 2013 WL 12205043, at *3 (C.D. Cal. 2013) ("As Plaintiff's claims are preempted, they are subject to the CBA's exhaustion requirements ... [and] dismissal is warranted when no allegations demonstrate that Plaintiff has exhausted the CBA's grievance procedure or that there is a legal basis for his failure to do so." (cleaned up and citations omitted)); *Carr v. Allied Waste Sys. of Alameda Cty.*, 2010 WL 4916433, at *17 (N.D. Cal. 2010) ("To state a claim under LMRA § 301, a plaintiff must adequately plead exhaustion of the grievance procedures set forth in the CBA." (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163 (1983)).[2]

---

[2] An exception exists where a plaintiff alleges the union breached its duty of fair representation. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 986 (9th Cir. 2007). That exception is not implicated in this case.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-00111-SVW-JPR | Date | May 24, 2021 |
| Title | *Paul Schwanke v. Minim Productions, Inc.* | | |

The Ninth Circuit applies a two-part test to determine whether a claim is preempted by section 301 of the LMRA. *See generally Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059-60 (9th Cir. 2007). First, courts ask whether the cause of action involves a right that exists solely as a result of the CBA. *Curtis*, 913 F.3d at 1152. If the answer to that question is yes, the claim is preempted. *Id.* at 1153. If the answer to that question is no, the second part of the test asks whether a state law right is "substantially dependent on analysis of the CBA, which turns on whether the claim cannot be resolved by simply 'looking to' versus 'interpreting' the CBA." *Id.* (quoting *Kobold*, 832 F.3d at 1033) (cleaned up).

Some statutes that affect terms and conditions of employment may exist independently of and without requiring interpretation of a CBA, and such statutes can be enforced in court notwithstanding a CBA's grievance and arbitration process. *See, e.g., Burnside*, 491 F.3d at 1074 (California law right to travel time compensation); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1082 (9th Cir. 2015) (California law right to meal periods was "nonnegotiable"). Any waiver of the right to enforce such a statute in court must be clear and unmistakable. *See id.* at 1076 (citations omitted); *see also Wright v. Universal Maritime Serv. Corp.*, 525 U.S. 70, 80 (1998); *Wawock v. CSI Elec. Contractors, Inc.*, 649 F. App'x 556, 558 (9th Cir. 2016); *Wilson-Davis v. SSP Am., Inc.*, 434 F. Supp. 3d 806, 817-18 (C.D. Cal. 2020); *Vasserman v. Henry May Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 964-65 (C.D. Cal. 2014).

When a state statute provides that employers are exempt from a CBA that lays out alternative standards, a Plaintiff's claim under that statute exists solely as a result of the CBA and is therefore preempted by the CBA under step one of the Ninth Circuit's test. *See Curtis*, 913 F.3d at 1155.

For example, in *Curtis v. Irwin Industries, Inc.*, a plaintiff covered by a CBA brought an overtime claim under Cal. Lab. Code § 510. *Id.* at 1150. That statute was subject to an explicit carveout in Cal. Lab. Code § 514 for employees covered by a CBA: "Section[] 510 ... do[es] not apply to an employee covered by a valid collective bargaining agreement if the agreement" met certain specified conditions. *Id.* at 1153 (quoting Cal. Lab. Code § 514). Because the CBA in *Curtis* met the conditions for the CBA exception to section 510, Plaintiff's claim was preempted. *Id.* at 1155. Because the statutory right did not apply to employees covered by a qualifying CBA, no clear and unmistakable waiver was required to find the state law claim preempted by section 301 of the LMRA. *Id.* at 1155 n.6

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00111-SVW-JPR | Date | May 24, 2021 |
|---|---|---|---|
| Title | *Paul Schwanke v. Minim Productions, Inc.* | | |

("Because we hold that Curtis's state law overtime claim is preempted by § 301, we need not address whether Curtis 'clearly and unmistakably' consented to the arbitration of his state law claims....").

As set forth in detail below, several of Plaintiff's claims fall within statutory carveouts for CBAs are therefore preempted under the analysis set forth in *Curtis*.

    b.  **Plaintiff's Preempted Claims**

        i.  **First Cause of Action (Cal. Labor Code §§ 201.5, 203)**

Plaintiff's first cause of action alleges that he was not timely paid all wages upon separation from employment. Compl. ¶¶ 50-53. This claim is subject to a statutory carveout for qualifying CBAs, and it is consequently preempted under *Curtis*.

Under Cal. Lab. Code § 201.5(b), "[a]n employee engaged in the production or broadcasting of motion pictures whose employment terminates is entitled to receive payment of the wages earned and unpaid at the time of the termination by the next regular payday." However, Cal. Lab. Code § 201.5(e) expressly precludes claims by employees subject to qualifying CBAs: "[n]othing in this section prohibits the parties to a valid collective bargaining agreement from establishing alternative provisions for final payment of wages to employees covered by this section if those provisions do not exceed the time limitation established in Section 204."

Plaintiff argues that section 201.5(e) is not a carveout like the overtime provision at issue in *Curtis* because it only purports to allow provisions that are "more employee friendly" without eliminating a state law cause of action. Dkt. 19, at 8. As Plaintiff would have it, he retains a cause of action under section 201.5 notwithstanding the CBA because section 201.5(e) does not exempt employers from the pay timing requirements. Dkt. 19, at 8.

Plaintiff's argument misses the mark because it ignores the teaching of *Curtis*. The *Curtis* Court noted that the statutory carveout for CBAs in section 510 would be rendered superfluous if it did not permit employers to bargain around state law default requirements. 913 F.3d at 1155. As a matter of statutory interpretation, this Court sees no reason why the same principle should not apply here. It

                                                                                                             :

Initials of Preparer            PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00111-SVW-JPR | Date | May 24, 2021 |
|---|---|---|---|
| Title | *Paul Schwanke v. Minim Productions, Inc.* | | |

would be pointless to expressly allow CBAs to set alternative provisions if the state law requirements would govern notwithstanding alternative CBA provisions. *See Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1202 (C.D. Cal. 2015) (holding that, under section 201.5(e), a cause of action for failure to timely pay final wages is preempted by a CBA establishing alternate wage payment provision).

The CBA here does "establish ... alternative provisions for final payment of wages." It provides that "[a] subcommittee shall be created for the purpose of establishing an exclusive procedure for resolving late payment claims, in lieu of processing such claims under the Labor Code." CBA, at 116. It also provides for an alternative pay day, one day later, for employees working "on distant location." *Id.* Accordingly, the CBA does qualify for the carveout in section 201.5(e).

Surely, section 201.5(e) does differ from the exemption discussed in *Curtis* in one important way. Section 201.5(e) states that a CBA does not qualify for the carveout if its provisions exceed the time limitation in section 204. However, that difference is immaterial in this case. The CBA provides for a weekly payroll period, with a regular payday on Thursdays, and it specifies that final payment of wages is to be made on the next regular pay day. *See* CBA, at 101, 116. Section 204(d) allows for weekly pay periods, and Plaintiff does not point to any provision of the CBA that "exceed[s] the time limitation established in Section 204." Cal. Lab. Code § 201.5(e).[3]

Accordingly, the Court concludes that Plaintiff's section 201.5 claim is preempted by section 301 of the LMRA. Plaintiff's first cause of action is therefore dismissed for failure to exhaust remedies under the CBA's grievance and arbitration process.

---

[3] Section 204 provides its own carveout for CBAs in section 204(c). *See* Cal. Lab. Code § 204(c) ("[W]hen employees are covered by a collective bargaining agreement that provides different pay arrangements, those arrangements shall apply to the covered employees."). However, because the CBA satisfies the "time limitation in Section 204," as required by section 201.5(e), the Court need not determine the effect of section 204(c) on section 201.5(e).

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-00111-SVW-JPR | Date | May 24, 2021 |
| Title | *Paul Schwanke v. Minim Productions, Inc.* | | |

    ii.  **Seventh Cause of Action (Cal. Lab. Code §§ 204, 210)**

  The analysis for Plaintiff's seventh cause of action is similar to the analysis for his first cause of action. Plaintiff's seventh cause of action alleges that he was not timely paid wages during employment. Compl. ¶¶ 74-78.

  Section 204(a) governs payment of wages during employment, and states that wages are "due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." Cal. Lab. Code § 204(a). Section 204(d) further states that "[t]he requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period." *Id.* § 204(d).

  Section 204's rules are subject to a carveout for employees subject to CBAs. Section 204(c) states that "when employees are covered by a collective bargaining agreement that provides different pay arrangements, those arrangements shall apply to the covered employees." *Id.* § 204(c).

  The CBA here does provide its own rules governing pay arrangements. It states that "[t]he full payroll week shall be from midnight Saturday to midnight Saturday." CBA, at 101. It further states that "[t]he regular pay will be on Thursday (holiday weeks excluded)," unless an employee is working "on distant location." CBA, at 116. And the CBA goes on to state that "a subcommittee shall be created for the purpose of establishing an exclusive procedure for resolving late payment claims, in lieu of processing such claims under the Labor Code." *Id.*

  Under the logic of *Curtis*, this carveout allows CBAs to govern pay timing notwithstanding the default rules under the Labor Code. 913 F.3d at 1155. Plaintiff's timely payment claim under section 204 therefore exists solely as a result of the CBA and is preempted by section 301 of the LMRA. *See Tolentino v. Gillig, LLC*, 2021 WL 121193, at *3 (N.D. Cal. 2021) (holding that because "the subject CBA provides for ... the payment of wages on a weekly basis ... [Plaintiff's] right to the timely payment of wages 'exists solely as a result [of] the CBA.'" (citation omitted)); *Bradford v. Prof'l Tech. Sec. Servs. Inc.*, 2020 WL 2747767, at *5 (N.D. Cal. 2020) ("Because the CBA here provides for a different pay arrangement than the statute, [Plaintiff's] right to timely payment exists solely as a result [of] the

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00111-SVW-JPR | Date | May 24, 2021 |
|---|---|---|---|
| Title | *Paul Schwanke v. Minim Productions, Inc.* | | |

CBA and is preempted."); *Landy v. Pettigrew Crewing, Inc.*, 2019 WL 6245525, at *4 (C.D. Cal. 2019) ("[T]he Court finds that § 204(c) operates similarly to the statute discussed in *Curtis*: where a CBA provides for a different pay arrangement from that which exists under state law, a covered employee's right to timely payment 'exists solely as a result of the CBA.'" (quoting *Curtis*, 913 F.3d at 1154)).

Accordingly, Plaintiff's seventh cause of action is dismissed for failure to exhaust the grievance and arbitration process.

### iii. Third Cause of Action (Cal. Labor Code §§ 226.7, 512)

Plaintiff's third cause of action alleges that Defendant failed to provide proper meal breaks as required under California law. Compl. ¶¶ 58-61. Under a similar analysis to the first and seventh causes of action, Plaintiff's meal period claim is also preempted.

Under section 512, "[a]n employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee." Cal. Lab. Code § 512(a).

An express statutory carveout to this requirement exists for CBAs in the motion picture or broadcasting industries. Under section 512(d), "[i]f an employee in the motion picture industry or the broadcasting industry ... is covered by a valid collective bargaining agreement that provides for meal periods and includes a monetary remedy if the employee does not receive a meal period required by the agreement, then the terms, conditions, and remedies of the agreement pertaining to meal periods apply in lieu of the applicable provisions pertaining to meal periods of subdivision (a) of this section [and other remedial provisions]." Cal. Lab. Code § 512(d).

The CBA in this case does provide "provide[] for meal periods." *See, e.g.*, CBA, at 117 ("Meal periods shall be not less than one-half (1/2) hour nor more than one (1) hour in length."); *id.* ("An employee's first meal period shall commence no earlier than two (2) hours after such employee reports for work and no later than six (6) hours after the expiration of the previous meal period."); *id.* ("There

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-00111-SVW-JPR | Date | May 24, 2021 |
| Title | *Paul Schwanke v. Minim Productions, Inc.* | | |

will be a twelve (12) minute grace period, which is not to be a scheduled grace period, prior to imposition of any meal penalty.").

The CBA also "includes a monetary remedy if the employee does not receive a meal period required by the agreement." The CBA provides as follows:

> [T]he meal penalty for delayed meals shall be computed as follows:
>
> First one-half (1/2) hour meal delay or fraction thereof..... $10.00
>
> Second one-half (1/2) hour meal delay or fraction thereof.... $12.50
>
> Third and each succeeding one-half (1/2) hour meal delay or fraction thereof .... $15.00
>
> Such allowance shall be in addition to the compensation for work time during the delay and shall not be applied as part of any guarantee.

CBA, at 118.

Because the CBA in this case meets the conditions specified in section 512(e) for exemption from the Labor Code's meal period requirements, "the terms, conditions, and remedies of the agreement pertaining to meal periods apply." Cal. Lab. Code § 512(e). Under *Curtis*, Plaintiff's claims then exist solely as a result of the meal period provisions in the CBA rather than the Labor Code. 913 F.3d at 1155; *see Taylor v. NBC W., LLC*, 2020 WL 8268197, at *2 (C.D. Cal. 2020) (applying *Curtis* and holding that because section 512(d) operates in the same manner as section 514 [the statute analyzed in *Curtis*], Plaintiff's right to meal breaks exists solely under the CBA and section 301 preempts his meal break claim."); *Coyne v. Twentieth Century Fox Film Corp.*, 2008 WL 11338118, at *4 (C.D. Cal. 2008) ("[I]t is clear that [Plaintiff] worked in the motion picture industry under a collective bargaining agreement that provided for meal periods and penalties," and thus "[[i]f Plaintiff was denied meal periods, then by the express language of section 512(d), his sole recourse was to seek penalties under the terms of the CBA.").

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00111-SVW-JPR | Date | May 24, 2021 |
|---|---|---|---|
| Title | *Paul Schwanke v. Minim Productions, Inc.* | | |

    Citing *Ettedgui v. WB Studio Enters., Inc.*, 2021 WL 633859 C.D. Cal. 2021), Plaintiff argues that the CBA in this case does not qualify for the carveout in section 512(d) because it does not provide "a monetary remedy if the employee does not receive a meal period required by the agreement." Cal. Lab. Code § 512(d); *see* Dkt. 19, at 1-2. *Ettedgui* held that Plaintiff's meal period claim was not preempted by section 512(d) because the language in the CBA only provided a monetary remedy to delayed meal periods, not shortened or denied meal periods. 2021 WL 633859, at *3.

    While the CBA's meal penalty provision does refer to "delayed" rather than denied or interrupted meals, it could reasonably be interpreted to apply in the case of a missed or interrupted meal break, with penalties incurred for each half-hour for the remainder of the workday that a full meal break is not provided. Section 512(d) only requires a remedy "if the employee does not receive a meal period required by the agreement," and a provision that calculates the penalty based on the length of the delay is not inconsistent with this requirement. Under this interpretation, the CBA would fall within the section 512(d) carveout and be preempted under *Curtis*.

    Even if Plaintiff's meal period claim does not exist solely as a result of the CBA under the first step of the Ninth Circuit's test, it would be preempted under the second step. It is not clear from simply looking at the face of the CBA whether it provides a penalty for missed or interrupted meal periods as opposed to just delayed meal periods. A court would need to interpret the agreement to assess the applicability of section 512(d) to a claim that meal periods were entirely missed or interrupted by work duties. *See Burnside*, 491 F.3d at 1060 (a state law claim that requires interpretation of the CBA is preempted by section 301). Plaintiff's meal period claim thus requires interpretation of the CBA. *See Kobold*, 832 F.3d at 1036 ("[A] court must interpret, not just refer to or look at" a CBA provision that is subject to a reasonable dispute).

    Accordingly, whether under the first or second step of the preemption test, the Court concludes that Plaintiff's meal period claim is preempted by section 301 of the LMRA and his third cause of action is dismissed for failure to exhaust the CBA's grievance and arbitration process.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00111-SVW-JPR | Date | May 24, 2021 |
|---|---|---|---|
| Title | *Paul Schwanke v. Minim Productions, Inc.* | | |

          iv.    **Fifth Cause of Action (Cal. Labor Code §§ 510, 514)**

      Plaintiff's fifth cause of action alleges that Defendant failed to compensate him at the proper overtime rate. Compl. ¶¶ 68-70.

      Section 510 provides that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee." Cal. Lab. Code § 510(a).

      This statute was interpreted by *Curtis* to be subject to an express carveout for CBAs. Section 514 provides that "[s]ection[] 510 ... do[es] not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal. Lab. Code § 514. As discussed above, *Curtis* held that, where a plaintiff was employed under a CBA meeting the requirements of section 514, the plaintiff's overtime claim exists solely as a result of the CBA and is preempted. 913 F.3d at 1155.

      The Court concludes that the CBA in this case meets the requirements of section 514. The CBA covers wages, hours, and working conditions. CBA at 6, 88 *et seq*. It also provides for regular wages that exceed 130% of the state minimum wage. Dkt. 18, at 6.

      Because the CBA in this case meets the requirements of section 514, the overtime provisions of section 510 do not apply, and Plaintiff's claim exists solely as a result of state law. *Curtis*, 913 F.3d at 1155. Accordingly, Plaintiff's fifth cause of action is preempted and must be dismissed for failure to exhaust the grievance and arbitration process.

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-00111-SVW-JPR | Date | May 24, 2021 |
| Title | *Paul Schwanke v. Minim Productions, Inc.* | | |

    c. **Plaintiff's Remaining State Law Claims**

        i. **Second, Third, Fourth, and Sixth, and Eighth Through Tenth Causes of Action**

Defendant does not make any particular arguments in the notice of removal or briefing that Plaintiff's remaining causes of action are preempted by section 301 of the LMRA.

Defendant's notice of removal briefly argues that the CBA's grievance and arbitration process requires interpretation and preempts all of Plaintiff's state law claims. Dkt. 1 ¶ 30. However, case law is clear that the existence of a grievance and arbitration provision does not by itself preempt state law claims absent a clear and unmistakable waiver. *See, e.g.*, *Wilson-Davis v. SSP Am., Inc.*, 434 F. Supp. 3d 806, 817 ("[F]or a grievance or arbitration provision to implicate preemption, the 'union-negotiated wavier of employees' statutory right to a judicial forum' must be 'clear and unmistakable.'" *Wilson-Davis,* 434 F. Supp. 3d at 817 (citation omitted). Defendant does not point to any provision of the CBA that constitutes a clear and unmistakable waiver. *See Martinez v. J. Fletcher Creamer & Son, Inc.*, 2010 WL 3359372, at *4 (C.D. Cal. 2010 (no clear and unmistakable waiver occurs where the CBA "does not mention any of the relevant statutes" purportedly waived). The existence of the grievance and arbitration process thus does not by itself preempt Plaintiff's remaining claims.

        ii. **Supplemental Jurisdiction**

The Court has dismissed all claims over which it has original jurisdiction, and the Court will therefore exercise its discretion to decline supplemental jurisdiction over Plaintiff's remaining state law claims. *See* 28 U.S.C. § 1367(c).

Defendant argues that the remaining claims should be retained because they are derivative of claims that are preempted. Plaintiff disputes this point. *Compare* Dkt. 18, at 10-11 *with* Dkt. 19, at 8-10. Moreover, Plaintiff seeks to amend the complaint to assert a PAGA claim. Compl. ¶¶ 93-98.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00111-SVW-JPR | Date | May 24, 2021 |
|---|---|---|---|
| Title | *Paul Schwanke v. Minim Productions, Inc.* | | |

Because the Court has not considered the merits of Plaintiff's allegations and Plaintiff asserts that his remaining state law claims raise independent issues, the Court concludes that judicial economy favors declining to exercise supplemental jurisdiction.

V. **Conclusion**

For the foregoing reasons, Defendant's motion for judgment on the pleadings is GRANTED as to Plaintiff's first, third, fifth, and seventh causes of action. The motion is DENIED as to the remaining causes of action. The Court declines to exercise supplemental jurisdiction over the remaining causes of action and remands them to state court.

IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | PMC |